1

1               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
2                  ORLANDO DIVISION

3  - - - - - - - - - - - - - - -X
   UNITED STATES OF AMERICA,   :
4                         :
                         :
5       Plaintiff,    : Case No.:
                      : 6:17-cr-271-Orl-41GJK
6   vs.                  :
                      :
7   SLY SHANEIL DE LOS SANTOS,  : Orlando, Florida
                      : July 26, 2018
8                      : 10:05 a.m.
         Defendant.    :
9                      :
                      :
10  - - - - - - - - - - - - - - -X

11             TRANSCRIPT OF CHANGE OF PLEA
       BEFORE THE HONORABLE CARLOS E. MENDOZA
12          UNITED STATES DISTRICT JUDGE

13

14  APPEARANCES:

15   Counsel for Plaintiff:     Alejandro J. Salicrup

16   Counsel for Defendant:     Eneid Bano

17

18

19

20  Proceedings recorded by mechanical stenography.
    Transcript produced by computer-aided transcription.

21

22  Court Reporter:   Suzanne L. Trimble, CCR, CRR, RPR
                Federal Official Court Reporter
23              401 West Central Boulevard, Suite 4600
                Orlando, Florida 32801
24              e-mail: trimblecourtreporter@gmail.com

25

2

1                     P R O C E E D I N G S

2         THE COURTROOM DEPUTY:  This is the case of the

3 United States of America v. Sly Shaneil De Los Santos, Case

4 No. 6:17-cr-271.

5         Will counsel please state their appearances for the

6 record?

7         MR. SALICRUP:  Good morning, Your Honor.  Alejandro

8 Salicrup on behalf of the United States.

9         MR. BANO:  Eneid Bano on behalf of the defendant,

10 who is sitting to my left.

11         THE COURT:  All right.  If you would be kind enough

12 to approach the podium with your client, we'll get started.

13 Please approach with your client.

14         All right.  Good morning, Mr. De Los Santos.  Once

15 at the podium, please raise your right hand.  You're going to

16 be placed under oath.

17         THE DEFENDANT:  Good morning, Your Honor.

18         THE COURT:  Good morning.

19         (Sly Shaneil De Los Santos sworn.)

20         THE COURT:  All right.  You can put your hand down.

21 Sir, please state your full name for the record.

22         THE DEFENDANT:  Sly Shaneil De Los Santos.

23         THE COURT:  All right.  Sir, we're here today

24 because I've been informed by counsel that you've entered into

25 a plea agreement with the United States that contemplates

3

1   you're entering a plea of guilty pursuant to the promises the

2   Government has made to you in that plea agreement.  Is that

3   your understanding?

4               THE DEFENDANT:  Yes, Your Honor.

5               THE COURT:  All right.  I'm going to go over a lot

6   of information with you this morning.  If at any time you need

7   me to slow down, repeat myself, or you would like to talk to

8   your attorney, just let me know, and I'll offer you that

9   opportunity.  Do you understand, sir?

10              THE DEFENDANT:  Understood, Your Honor.

11              THE COURT:  All right.  The plea agreement

12  contemplates that you're going to be entering a plea of guilty

13  as to Counts 1 and 2 of the Superseding Indictment.

14              Count 1 charges you with Hobbs Act robbery in

15  violation of 18 U.S. Code, Section 1951.  If that charge were

16  to proceed to trial, the United States would have to prove the

17  following three elements beyond a reasonable doubt for you to

18  be found guilty:

19              One, that you knowingly acquired someone else's

20  property; second, that you took the property against the

21  victim's will by using actual or threatened force or violence

22  or causing the victim to fear harm either immediately or in

23  the future; and, third, that your actions obstructed, delayed,

24  or affected interstate commerce.

25              If you were to be found guilty of this offense,

4

1    Count 1, the maximum penalties as follows:  A maximum sentence

2    of 20 years imprisonment, a maximum fine of 250,000 or twice

3    the gross gain or twice the gross the loss caused by the

4    offense, whichever is greater, a term of supervised release of

5    not more than three years, a $100 special assessment, and

6    restitution, if any.

7            The next count, Count 2, charges you with

8    brandishing a firearm during the commission of a crime of

9    violence in violation of 18 U.S. Code, Section 924.  The three

10   elements as to Count 2 are as follows:  One that you committed

11   the crime charged in Count 1 of the Superseding Indictment,

12   that's a Hobbs Act robbery; second, that during and in

13   relation to the commission of the crime in Count 1 you

14   knowingly used or carried or aided and abetted in the use or

15   carrying of a firearm as charged in the Superseding

16   Indictment; and, third, that you discharged the firearm during

17   and in relation to the crime charged in Count 1 or aided and

18   abetted in the use or carrying of a firearm that was

19   discharged during and in relation to the violent crime as

20   charged in Count 1 of the Superseding Indictment.

21           If you were to be found guilty of this count, the

22   maximum penalties are as follows:  There is a mandatory

23   minimum ten years which must be imposed consecutively to any

24   sentence in Count 1.  So if you get a day in count one

25   hypothetically, then you would be serving ten years and a day.

5

1  Whatever you get in Count 1 is added on top of the ten years

2  in Count 2 because I must sentence you consecutively on the

3  second count.  Do you understand that, sir?

4          THE DEFENDANT:  Understood, Your Honor.

5          THE COURT:  Okay.  There's a maximum fine of

6  $250,000, a term of supervised release of not more than five

7  years, a $100 special assessment, and restitution, if any.

8          I've been presented with a 22-page plea agreement.

9  Do you have that in front of you?

10         THE DEFENDANT:  I do, Your Honor.

11         THE COURT:  All right.  On the bottom of each page

12 there are a set of initials that are purported to be your

13 initials.  Are they indeed your initials?

14         THE DEFENDANT:  Yes, Your Honor.

15         THE COURT:  All right.  Is it an indication that

16 you've had a chance to read and understand this agreement with

17 the advice of your attorney?

18         THE DEFENDANT:  I did, Your Honor.

19         THE COURT:  On the bottom of page 21 there are a set

20 of signatures, one of which is purported to be your signature.

21 Is that indeed your signature?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  All right.  Again, that's more evidence

24 that you've had a chance to read and understand this agreement

25 with the advice of your attorney?

6

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  All right.  Do you need more time to go

3     over it with your lawyer?

4          THE DEFENDANT:  No, Your Honor.

5          THE COURT:  All right.  Here are some of the bullet

6     points in the agreement:  Number one, the United States

7     indicates that they will not charge you with any other

8     offenses known to them at the time of this agreement.

9     Pursuant to 18 U.S. Code, Section 3663 alpha, you have been

10    agreed to make full restitution to Walgreens.  Also, at

11    sentencing the United States will recommend up to a three

12    point offense level reduction for acceptance of responsibility

13    in accordance with the factors specified in your plea

14    agreement.  The United States has also agreed that they'll

15    make a recommendation that you be sentenced within the

16    guidelines.

17          You've also agreed to cooperate with the Government.

18    If you provide substantial assistance per your plea agreement,

19    the Government may seek further mitigation on your behalf, but

20    pursuant to your plea agreement, you have agreed that you

21    cannot challenge the Government's determination to either seek

22    or not seek additional leniency or mitigation.  The United

23    States has also agreed that no self-incriminating information

24    you provided during the course of your cooperation and

25    pursuant to this agreement shall be used in determining the

1   applicable guideline range.

2           You have also agreed and consented to the forfeiture

3   of all assets subject to forfeiture pursuant to 18 U.S. Code,

4   Sections 924, 981, and 28 U.S. Code, Section 2461.  You also

5   stipulate to the factual and statutory basis for the

6   forfeiture, including but not limited to a Taurus firearm and

7   ammunition.

8           And, finally, you've expressly waived your right to

9   appeal your sentence in accordance with the limitations set

10  forth in your plea agreement.

11          Sir, does all that sound familiar to you?

12          THE DEFENDANT:  Yes, Your Honor.

13          THE COURT:  All right.  You're going to potentially

14  be waiving some very important rights with the entry of the

15  plea.

16          Does he have a prior criminal history, by the way?

17          MR. BANO:  No, Your Honor.

18          THE COURT:  Okay.  Because this is pretty heavy

19  stuff for no prior criminal history.  So I'm sure I'm going to

20  get more details on what happened here at sentencing.

21          All right.  Sir, you have the right to be

22  represented by counsel at every stage of these proceedings.

23  You will not waive that right.  But you have the right against

24  self-incrimination.  That is the right to remain silent.  You

25  have the right to enter a plea of not guilty and require the

1   United States to prove every element of these offenses beyond

2   a reasonable doubt.  You have a right to a jury trial, and at

3   that jury trial represented to by your attorney you could

4   cross-examine and confront any witnesses testifying against

5   you.  You could call witnesses to testify on your behalf, and

6   you could also choose to become a witness in your own defense.

7           By entering these pleas of guilty, pursuant to your

8   plea agreement, you're waiving all the rights I've just gone

9   over with you.  In other words, there's not going to be a jury

10  trial.

11          Sir, do you understand that you're waiving all of

12  these rights?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  All right.  Have you received a copy of

15  the Indictment and had an opportunity to review it with your

16  attorney?

17          THE DEFENDANT:  I did, Your Honor.

18          THE COURT:  All right.  In light of everything we've

19  gone over, how do you plead?

20          THE DEFENDANT:  No contest.

21          THE COURT:  Well, there's not a plea of no contest

22  in federal court.  It's either guilty or not guilty.

23          THE DEFENDANT:  Guilty.

24          THE COURT:  All right.  Sir, how old are you?

25          THE DEFENDANT:  I'm 23 years old.

9

1  THE COURT:  What's the highest level of school you

2  completed?

3  THE DEFENDANT:  I completed high school.  I have my

4  high school diploma.

5  THE COURT:  Are you currently employed?

6  THE DEFENDANT:  Not at the time, Your Honor.

7  THE COURT:  And what was your last job?

8  THE DEFENDANT:  I worked at a rehab and then I also

9  worked with my family by painting.

10  THE COURT:  All right.  Are you currently under the

11  influence of alcohol, prescribed medication, or any narcotics

12  that may affect your ability to understand these proceedings?

13  THE DEFENDANT:  No, Your Honor.

14  THE COURT:  Have you ever been determined to be

15  incompetent?

16  THE DEFENDANT:  No, Your Honor.

17  THE COURT:  Have you been threatened or intimidated

18  into entering this plea?

19  THE DEFENDANT:  No, Your Honor.

20  THE COURT:  Other then the plea agreement I've been

21  advised of, have you been made any additional promises to get

22  you to enter into the plea?

23  THE DEFENDANT:  No, Your Honor.

24  THE COURT:  Are you entering the plea freely and

25  voluntarily because you believe it is in your best interest?

1     THE DEFENDANT:  Yes, Your Honor.

2     THE COURT:  Have you had enough time to talk to your

3  attorney?

4     THE DEFENDANT:  Yes, Your Honor.

5     THE COURT:  Are you satisfied with his

6  representation?

7     THE DEFENDANT:  Yes, Your Honor.

8     THE COURT:  All right.  Do you understand that the

9  terms of the plea agreement are merely recommendations and

10 that I could reject those recommendation and sentence you up

11 to the maximum penalty without allowing you to withdraw your

12 plea once I accept your plea?

13    THE DEFENDANT:  Yes, Your Honor.

14    THE COURT:  Have you discussed the Federal Advisory

15 Sentencing Guidelines with your attorney?

16    THE DEFENDANT:  I believe we did, sir.

17    THE COURT:  All right.  Do you understand that the

18 guideline calculations will not be calculated until sentencing

19 and that they're not mandatory on the Court?

20    THE DEFENDANT:  Yes, Your Honor.

21    THE COURT:  All right.  If you enter a plea of

22 guilty and you're not a citizen of the United States, you will

23 be subject to deportation, exclusion, voluntary departure, and

24 the plea could prevent you from obtaining United States

25 citizenship.  Do you understand that, sir?

1       THE DEFENDANT:  Yes, Your Honor.

2       THE COURT:  From the Government's perspective, is

3  there any reason to go over the SORNA dialogue this morning?

4       MR. SALICRUP:  No, Your Honor.

5       THE COURT:  Do you still wish to enter this plea of

6  guilty?  Do you still wish to enter the guilty plea?

7       THE DEFENDANT:  Yes, Your Honor.

8       THE COURT:  All right.  Would the United States give

9  me a brief proffer of what happened here?

10      MR. SALICRUP:  Yes, Your Honor.  A brief proffer

11  here is this defendant, along with two other co-defendants,

12  went into a Walgreens located in the Middle District of

13  Florida.  All were wearing masks.  All were carrying handguns.

14  While they were in there, they corralled the employees that

15  were working inside the store, as well as a delivery man.

16  They demanded a safe be opened.  The safe was opened.  They

17  took the money.

18      They then took the manager of the store, demanded

19  that they open the pharmacy.  The manager of the store stated

20  that he was unable to do that.  So a shot was fired during the

21  robbery into the Plexiglas.  Moreover, the manager of the

22  store was struck, and they returned back to the room where

23  they were holding the employees, demanded that a second safe

24  be opened, which was opened.

25      The defendants then fled.

12

1      THE COURT:  All right.  This is what the Government

2  indicates they would prove if the case proceeded to trial.

3  Mr. De Los Santos, do you have any objection as to their

4  version of the facts?

5      THE DEFENDANT:  I do not, Your Honor.

6      THE COURT:  All right.  I find the defendant

7  intelligently, freely, and voluntarily waived his rights in

8  entering the plea and that there is a factual basis for the

9  plea.  The plea is accepted.  The defendant is hereby

10  adjudicated guilty.

11      Are these family members in the courtroom?

12      MR. SALICRUP:  No, Your Honor.

13      THE COURT:  Okay.  I'll leave it at this.  I've been

14  doing this for a long time, and I'm a little surprised that

15  someone with no criminal history, your age, is here for this.

16  You're a pretty well-spoken guy.  Your family has a business

17  you're working for.  Obviously, they're involved in your life.

18  So I don't get this one at all.  I'm sure your attorney will

19  fill in the blanks for me at sentencing, but this is -- this

20  is a shame.

21      All right.  I will see you all at sentencing.  The

22  sentencing is going to be set for October 11th at 9:00 a.m.

23  Is that date acceptable to the Government?

24      MR. SALICRUP:  Yes, Your Honor.

25      THE COURT:  Is that date acceptable to the defense?

13

1          MR. BANO:  Yes, Your Honor.

2          THE COURT:  All right.  Mr. De Los Santos, we'll see

3    you on that date.  Have a good morning, sir.

4          THE DEFENDANT:  You as well, sir.

5        (WHEREUPON, this matter was concluded at 10:16)

6

7                           *   *   *

8

9                    CERTIFICATE OF REPORTER

10

     I certify that the foregoing is a correct transcript of the
11   record of proceedings in the above-entitled matter.

12

13    _/s/ Suzanne L. Trimble_____          1/8/19
      Suzanne L. Trimble, CCR, CRR, RPR          Date
14    Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25